FILED

JAN 2 4 2014

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

TIMOTHY PAUL STEWART and
SHANNON MARIE BROADWATER,

Defendants.

Criminal No.   3:13-CR-50

Violations:     7 U.S.C. § 2156(b)
18 U.S.C. § 2
18 U.S.C. § 49
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. § 924(c)(1)(A)(i)
18 U.S.C. § 924(c)(1)(B)(i)
18 U.S.C. § 924(d)(1)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 843(b)
21 U.S.C. § 846
21 U.S.C. § 853
21 U.S.C. § 856(a)(1)
26 U.S.C. § 5841
26 U.S.C. § 5861(d)
26 U.S.C. § 5871
28 U.S.C. § 2461(c)

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

(Drug Conspiracy)

1.       From in or about March 2012 to on or about October 18, 2013, within the

Northern District of West Virginia, and elsewhere, defendants **TIMOTHY PAUL STEWART**

and **SHANNON MARIE BROADWATER** did knowingly and intentionally combine, conspire,

1

confederate, and agree together and with each other, and with persons known and unknown to the Grand Jury, to commit an offense against the United States, to wit: to violate Title 21, United States Code Section 841(a)(1).  It was a purpose and object of the conspiracy to knowingly and intentionally possess with intent to distribute and to distribute a quantity of cocaine base, also known as "crack," and a quantity of cocaine, also known as "coke," Schedule II narcotic drug-controlled substances as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4); in violation of Title 21, United States Code, Section 846.

<u>Quantity of Cocaine Base, also known as "Crack," Involved in the Conspiracy</u>

2.      With regard to defendant **TIMOTHY PAUL STEWART**, the amount of cocaine base, also known as "crack," involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 28 grams and more of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(B).

3.      With regard to defendant **SHANNON MARIE BROADWATER**, the amount of cocaine base, also known as "crack," involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is less than 28 grams of cocaine base, also known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(C).

<u>Quantity of Cocaine, also known as "Coke," Involved in the Conspiracy</u>

4.     With regard to defendant **TIMOTHY PAUL STEWART**, the amount of cocaine, also known as "coke," involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is less than 500 grams of cocaine, also known as "coke," in violation of Title 21, United States Code, Section 841(b)(1)(C).

5.     With regard to defendant **SHANNON MARIE BROADWATER**, the amount of cocaine, also known as "coke," involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is less than 500 grams and more of cocaine, also known as "coke," in violation of Title 21, United States Code, Section 841(b)(1)(C).

COUNT 2

(Aiding and Abetting the Maintenance of a Drug-Involved Premises)

From in or about March 2012 to on or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did knowingly and intentionally maintain a place at 118 West Hampshire Street, Piedmont, West Virginia, for the purpose of storing and distributing cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4); in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

4

## COUNT 3

(Distribution of Cocaine Base)

On or about March 6, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $270.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

<u>COUNT 4</u>

(Distribution of Cocaine Base)

On or about March 12, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant TIMOTHY PAUL STEWART did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), a person known to the Grand Jury in exchange for $180.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

6

COUNT 5

(Distribution of Cocaine Base)

On or about April 18, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), a person known to the Grand Jury in exchange for $270.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

(Distribution of Cocaine Base)

On or about May 22, 2012, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), a person known to the Grand Jury in exchange for $180.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

COUNT 7

(Distribution of Cocaine Base)

On or about May 29, 2012, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $240.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 8

(Use of Internet to Facilitate Distribution of Cocaine Base)

On or about October 18, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **SHANNON MARIE BROADWATER** did unlawfully, knowingly, and intentionally use a communication facility, that is the internet in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Section 841(a)(1), that is the distribution of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 843(b).

10

COUNT 9

(Aiding and Abetting in the Distribution of Cocaine Base)

On or about October 18, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $270.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

<u>COUNT 10</u>

(Use of Internet to Facilitate Distribution of Cocaine Base)

On or about November 1, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **SHANNON MARIE BROADWATER** did unlawfully, knowingly, and intentionally use a communication facility, that is the internet in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Section 841(a)(1), that is the distribution of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 843(b).

<u>COUNT 11</u>

(Aiding and Abetting in the Distribution of Cocaine Base)

On or about November 2, 2012, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $500.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

COUNT 12

(Use of Internet to Facilitate Attempted Distribution of Cocaine Base)

On or about November 15, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **SHANNON MARIE BROADWATER** did unlawfully, knowingly, and intentionally use a communication facility, that is the internet in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Section 841(a)(1), that is the distribution of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 843(b).

COUNT 13

(Aiding and Abetting in the Attempted Distribution of Cocaine Base)

On or about November 15, 2012, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority attempt to distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $300.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846 and Title 18, United States Code, Section 2.

## COUNT 14

(Use of Telephone to Facilitate Distribution of Cocaine Base)

On or about May 27, 2013, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendant SHANNON MARIE BROADWATER did unlawfully, knowingly, and intentionally use a communication facility, that is a telephone system in committing, causing, and facilitating the commission of a felony under Title 21, United States Code, Section 841(a)(1), that is the distribution of cocaine base, also known as "crack," a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 843(b).

COUNT 15

(Aiding and Abetting in the Distribution of Cocaine Base)

On or about May 27, 2013, at or near Keyser, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), to a person known to the Grand Jury in exchange for $270.00 in United States Currency, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

COUNT 16

(Aiding and Abetting Possession with Intent to Distribute of Cocaine Base)

On or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a quantity of cocaine base, also known as "crack," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

18

## COUNT 17

(Aiding and Abetting Possession with Intent to Distribute of Cocaine)

On or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendants **TIMOTHY PAUL STEWART** and **SHANNON MARIE BROADWATER**, aided and abetted by each other, did unlawfully, knowingly, intentionally, and without authority possess with intent to distribute a quantity of cocaine, also known as "coke," a Schedule II narcotic drug-controlled substance as defined in Title 21, United States Code, Section 812(c), Schedule II(a)(4), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 18

(Possession of Unregistered NFA Firearm)

On or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** knowingly received and possessed a firearm, that is a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419, a rifle having a barrel of less than sixteen (16) inches in length, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

<u>COUNT 19</u>

(Possession of Firearm in Furtherance of Drug Trafficking Crime)

1.       On or about October 18, 2013, at or near Martinsburg, Berkeley County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did knowingly possess a firearm, that is a Vulcan, Model V-10/45, .45 ACP caliber pistol, serial number F11322; a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419, a rifle having a barrel of less than sixteen (16) inches in length; a American Tactical, Model LRHR, .22 caliber rifle, serial number A473363; a High-Point, Model 995, 9 millimeter rifle, serial number A38133; a Russian, Model M1944, 7.62 x 54R rifle, serial number IE3474; a FT, Model Witness PS, .40 caliber pistol, serial number EA6449811398; and a Kel-Tech, Model P40, .40 caliber pistol, serial number 75734A, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base and cocaine as charged in Count 16 and Count 17; in violation of Title 18, United States Code, Section 924(c)(1)(A).

2.       With respect to the Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419, a rifle having a barrel of less than sixteen (16) inches in length, upon conviction, defendant **TIMOTHY PAUL STEWART** shall be sentenced to a term of imprisonment of not less than 10 years, pursuant to Title 18, United States Code, Section 924(c)(1)(B)(i).

3.       With respect to the other firearms listed above in Paragraph 1, upon conviction, defendant **TIMOTHY PAUL STEWART** shall be sentenced to a term of imprisonment of not less than 5 years, pursuant to Title 18, United States Code, Section 924(c)(1)(A)(i).

21

<u>COUNT 20</u>

(Felon in Possession of Firearm)

On or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit:  having been convicted on June 20, 2002, of Distribution of Cocaine Base in the United States District Court for the Northern District of West Virginia, Elkins Division, Criminal Action No. 2:01-CR-27-07, did knowingly possess in and affecting interstate commerce a firearm, that is a Vulcan, Model V-10/45, .45 ACP caliber pistol, serial number F11322; a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419; a American Tactical, Model LRHR, .22 caliber rifle, serial number A473363; a High-Point, Model 995, 9 millimeter rifle, serial number A38133; a Russian, Model M1944, 7.62 x 54R rifle, serial number IE3474; a FT, Model Witness PS, .40 caliber pistol, serial number EA6449811398; and a Kel-Tech, Model P40, .40 caliber pistol, serial number 75734A; said firearms having been shipped and transported in interstate commerce; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

<u>COUNT 21</u>

(Possession of Animal for Participation in Animal Fighting Venture)

On or about October 18, 2013, at or near Piedmont, Mineral County, West Virginia, within the Northern District of West Virginia, defendant **TIMOTHY PAUL STEWART** did knowingly possess an animal, that is a live mammal, for purposes of having said animal participate in an animal fighting venture, that is an event, in and affecting interstate commerce, that involves a fight conducted and to be conducted between at least two (2) animals for purposes of sport, wagering, and entertainment, and not including activity the primary purpose of which involves the use of one or more animals in hunting another animal; in violation of Title 7, United States Code, Section 2156(b) and Title 18, United States Code, Section 49.

<u>FORFEITURE ALLEGATION</u>

*Controlled Substances Act*
*Gun Control Act*

1.      Pursuant to Title 21, United States Code, Section 853 and Title 21, United States Code, Section 841, the government will seek the forfeiture of property as part of the sentence imposed in this case; that is, the forfeiture of any property used, or intended to be used, to commit or to facilitate the commission of the above referenced offenses, and any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses, including $3,968.00 in United States Currency seized on October 18, 2013.

2.      Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1), the government will seek the forfeiture of any firearm and any ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g)(1), including a Vulcan, Model V-10/45, .45 ACP caliber pistol, serial number F11322; a Marlin, Model 336 CS, 30/30 caliber rifle, serial number 13001419; a American Tactical, Model LRHR, .22 caliber rifle, serial number A473363; a High-Point, Model 995, 9 millimeter rifle, serial number A38133; a Russian, Model M1944, 7.62 x 54R rifle, serial number IE3474; a FT, Model Witness PS, .40 caliber pistol, serial number EA6449811398; a Kel-Tech, Model P40, .40 caliber pistol, serial number 75734A, seized on October 18, 2013.

A true bill,

/s/ _____
Grand Jury Foreperson
(Signature on File)

/s/ _____
William J. Ihlenfeld, II
United States Attorney

24