FILED

MAR 3 1 2014

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401



United States Department of Justice

*William J. Ihlenfeld, II*
*United States Attorney's Office*
*Northern District of West Virginia*

Craig W. Broadwater Federal Building
217 West King Street          Phone: (304) 262-0590
Suite 400                     FAX:   (304) 262-0591
Martinsburg, WV  25401

March 17, 2014

Nicholas J. Compton, Esq.
Federal Public Defender's Office
651 Foxcroft Avenue
Martinsburg, WV 25401

In re:   United States v. Timothy Paul STEWART, Criminal No.: 3:13-CR-50-01

Dear Mr. Compton:

    This will confirm conversations with you concerning your client, Timothy Paul Stewart (hereinafter referred to as "Defendant" or "Mr. Stewart"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

    It is agreed between the United States and your client as follows:

    1.    Defendant agrees to plead guilty to Count One, Count Nineteen, and Count Twenty-One of the Second Superseding Indictment. Count One charges him with a Drug Conspiracy involving 28 grams or more of cocaine base, also known as "crack," between March 2012 and October 18, 2013, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. Count Nineteen charges him with Possession of Firearm in Furtherance of Drug Trafficking Crime on October 18, 2013, in violation of Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(A)(i), and 924(c)(1)(B)(i). Count Twenty-One charges him with Possession of an Animal for Participation in an Animal Fighting Venture on October 18, 2013, in violation of Title 7, United States Code, Section 2156(b).

_____          3-20-14
Timothy Paul Stewart, Defendant    Date

_____          3/20/14
Nicholas J. Compton, Esq.          Date
Counsel for Defendant

- 1 -

2. The maximum penalty to which Mr. Stewart will be exposed by virtue of his plea of guilty to Count One is: not less than ten (10) years of imprisonment, nor more than Life imprisonment; a fine up to $8,000,000.00; and a term of supervised release of at least eight (8) years, pursuant to Title 21, United States Code, Sections 841(b)(1)(B) and 851. In this regard, Mr. Stewart admits the allegations contained in the United States' Notice of Information of Timothy Paul Stewart's Prior Conviction [Doc. 22], filed October 21, 2013. The maximum penalty to which Mr. Stewart will be exposed by virtue of his plea of guilty to Count Nineteen is: not less than ten (10) years of imprisonment, nor more than Life imprisonment; a fine of up to $250,000.00; and a term of supervised release of five (5) years, pursuant to Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(i), and 3583(b)(1). The term of imprisonment imposed on Count Nineteen shall run consecutively to any other sentence of imprisonment imposed on Count One or Count Twenty-One, pursuant to Title 18, United States Code, Section 924(c)(1)(D)(ii). The maximum penalty to which Mr. Stewart will be exposed by virtue of his plea of guilty to Count Twenty-One is: not more than five (5) years of imprisonment; a fine of up to $250,000.00; and a term of supervised release of not more than three (3) years, pursuant to Title 18, United States Code, Sections 49, 3571(a)(3), and 3583(b)(2).

Mr. Stewart will also be required to pay a mandatory special assessment of $300.00, (Title 18, United States Code, Section 3013) which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Mr. Stewart might be required by the Court to pay the costs of his incarceration.

3. Mr. Stewart agrees to forfeit any and all interest he has of $3,968.00 in United States Currency, which was seized from Mr. Stewart's residence in Piedmont, Mineral County, West Virginia, on October 18, 2013. Mr. Stewart stipulates that this $3,968.00 in United States Currency is property constituting, or derived from proceeds obtained directly or indirectly from the violation of his Controlled Substances Act offense, or facilitated or used in the commission of his offense. This property shall be forfeited, at the option of the United States, in a judicial or administrative proceeding. By signing this agreement, Mr. Stewart withdraws any prior claim he has filed, and agrees to the entry of a Declaration of Forfeiture.

Mr. Stewart agrees to consent to the entry of orders of forfeiture of such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Further, Mr. Stewart agrees to waive all challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

| _____ | 3-20-14 |
| Timothy Paul Stewart, Defendant | Date |
| _____ | 3/20/14 |
| Nicholas J. Compton, Esq. | Date |
| Counsel for Defendant | |

4. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant as determined by the Drug Quantity Table under U.S.S.G. § 2D1.1 is a U.S.S.G. advisory guideline **Base Offense Level 26 (at least 28 grams but less than 112 grams of cocaine base).** In addition, the parties hereby stipulate and agree that a **two-level enhancement** pursuant to Section 2D1.1(b)(1) of the Guidelines is appropriate for the possession of a firearm. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations, and if not accepted by the Court, Mr. Stewart will not have the right to withdraw his plea of guilty.

5. Mr. Stewart will be completely forthright and truthful with federal and state officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Stewart will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

6. Nothing contained in any statement or any testimony given by Mr. Stewart pursuant to Paragraph 5 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Stewart in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Stewart's applicable guideline range. This Agreement does not prevent Mr. Stewart from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this Agreement. In addition, nothing contained in this Agreement shall prevent the United States from prosecuting Mr. Stewart for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 5 above.

7. At final disposition, the United States will advise the Court of Mr. Stewart's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. The United States will also dismiss the remaining counts in the Second Superseding Indictment as they pertain to him.

_____  
Timothy Paul Stewart, Defendant

_____  
Nicholas J. Compton, Esq.  
Counsel for Defendant

3-20-14  
Date

3/20/14  
Date

8. The United States will make the following <u>nonbinding</u> recommendations: 1) if Mr. Stewart accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) should Mr. Stewart give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Stewart must execute this Plea Agreement on or before 5:00 p.m., March 21, 2013**, and return or fax an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range, or at the applicable statutory mandatory minimum, if higher than the lower end of the applicable Guideline Range.

9. If, in the opinion of the United States, Mr. Stewart either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and Mr. Stewart will not have the right to withdraw his guilty plea.

10. Mr. Stewart is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal his sentence (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or an any ground whatever, and waives the right to collaterally attack his sentence including but not limited to a motion brought under Title 28, United States Code, Section 2255, if the Court imposes a sentence below the statutory maximum. This waiver of appellate rights is not intended to represent the defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent the defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

_____  
Timothy Paul Stewart, Defendant

_____  
Nicholas J. Compton, Esq.  
Counsel for Defendant

_3-20-14_____  
Date

_3/20/14_____  
Date

11.  The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Mr. Stewart's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Mr. Stewart or his counsel.

12.  If the defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

13.  The above twelve (12) paragraphs constitute the entire agreement between Mr. Stewart and the United States of America in this matter. **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. IHLENFELD, II
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the five (5) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____          3-20-14
Timothy Paul Stewart, Defendant      Date

_____          3/20/14
Nicholas J. Compton, Esq.            Date
Counsel for Defendant