IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                        Criminal No. 3:13CR50-01

TIMOTHY PAUL STEWART,

      Defendant.

### Motion of the United States for Entry of Preliminary Order of Forfeiture Initiating the Ancillary Proceeding For Third-Parties To Contest Forfeiture

Now comes the United States of America by William J. Ihlenfeld, II, United States Attorney for the Northern District of West Virginia, and Jarod J. Douglas, Assistant United States Attorney for said District and requests entry of a preliminary order of forfeiture. In support of this motion, the United States asserts:

1.      Rule 32.2(b)(1)(A) mandates the entry of a preliminary order of forfeiture as "soon as practical" after a plea of guilty is accepted on any count in a Second Superseding Indictment regarding which criminal forfeiture is sought. One of the purposes of a preliminary order of forfeiture is to enable third parties to assert an interest in specific property. *U.S. v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) ("third persons with an interest in the property subject to forfeiture must . . . wait to petition the court to begin ancillary proceedings until the forfeiture order has been entered"). We show below that this case includes property subject to forfeiture.

2.      On January 24, 2014, the grand jury returned a Second Superseding Indictment

charging that the defendant violated Title 21, United States Code, Section 846, Drug Conspiracy involving 28 grams or more of cocaine base, also known as "crack". The Forfeiture Allegation in the Second Superseding Indictment contains notice to the defendant that the government intends to forfeit property in this criminal case.

3. Title 21, United States Code, Section 853 mandates forfeiture of all property constituting, or derived from, proceeds obtained directly or indirectly from the defendant's violation of the Controlled Substances Act offense of conviction, or which was used or intended to be used to commit or facilitate such violation.

4. On March 31, 2014, during the Rule 11 hearing, the defendant pled guilty to Count One of the Second Superseding Indictment, alleging the defendant violated Title 21, United States Code, Section 846, Drug Conspiracy involving 28 grams or more of cocaine base, also known as "crack".   The plea agreement includes the forfeiture of $3,968.00 in United States currency seized from defendant's residence in Piedmont, Mineral County, West Virginia on October 18, 2013, which defendant stipulated is property constituting, or derived from proceeds obtained directly or indirectly from the violation of defendant's Controlled Substance Act offense, or facilitated or used in the commission of his offense.

5. The record made during the Rule 11 hearing established the requisite nexus between the offenses of conviction and the above specified property, which was involved in the offenses of conviction as proceeds.

Respectfully submitted,

WILLIAM J. IHLENFELD, II
United States Attorney

By:    <u>/s/ Jarod J. Douglas</u>
Assistant United States Attorney
WV Bar # 11070
United States Attorney's Office
P.O. Box 591
Wheeling, WV 26003
Telephone: (304) 234-0100

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the attached documents with the Clerk of

the Court using the CM/ECF system.

> WILLIAM J. IHLENFELD, II
> United States Attorney
>
>
> By:   /s/ Jarod J. Douglas
> Assistant United States Attorney
> WV Bar # 11070
> United States Attorney's Office
> P.O. Box 591
> Wheeling, WV 26003
> Telephone: (304) 234-0100