# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIMOTHY PAUL STEWART**,

    Petitioner,

v.

**UNITED STATES OF AMERICA,**

    Respondent.

**CIVIL ACTION NO.:   3:18-CV-101**
**CRIMINAL NO.: 3:13-CR-50**
**(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On June 27, 2018, *pro se* petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 152.[1] On June 4, 2019, the undersigned entered an Order [ECF No. 162] advising Petitioner that his § 2255 Motion would be dismissed as untimely within fourteen days unless he could demonstrate that the statute of limitations could be equitably tolled.[2] On July 1, 2019, Petitioner filed a Motion to Strike Untimely Filed Petition and Allow Petitioner's Motion to Proceed on the New Supreme Court Ruling to Restore Appeal Rights Only Under 2255(f)(3). ECF No. 164.

---

[1] All CM/ECF numbers cited herein refer to Petitioner's criminal case, 3:13-CR-50.

[2] On October 18, 2019, the undersigned entered an Amended Order [ECF No. 165] due to a clerical error. As of this date, Petitioner has failed to respond to the Amended Order.

## II.  FACTS

### A. Conviction and Sentence

On October 16, 2013, Petitioner was indicted in a multi-count indictment charging him with drug conspiracy, distribution of cocaine base, aiding and abetting in the distribution of cocaine base, and aiding and abetting in the attempted distribution of cocaine base. ECF No. 1. On December 3, 2013, and January 24, 2014, Petitioner was indicted in a superseding and second superseding indictment, respectively. ECF Nos. 40, 74. On March 31, 2014, pursuant to a written plea agreement, Petitioner plead guilty to Counts One, Nineteen, and Twenty-One of the second superseding indictment charging him with drug conspiracy, possession of firearm in furtherance of drug trafficking crime, and possession of an animal for participation in an animal fighting venture . ECF Nos. 97, 99.

On June 19, 2014, an order of judgment was filed following the June 16, 2014, sentencing hearing, which sentenced Petitioner to an aggregate term of 240 months of imprisonment followed by a term of supervised release. ECF Nos. 128; 132 at 2-3.

### B. Appeal

Petitioner did not pursue a direct appeal. ECF No. 161 at 2.

### C. Instant § 2255 Motion to Vacate

Petitioner's Motion sets forth four issues all relating to his counsel's alleged ineffective assistance. In his first ground for relief, Petitioner combines several claims and asserts that counsel failed to inform Petitioner of the charges pending against him and the consequences of those charges. Id. at 5. Additionally, Petitioner claims that counsel erroneously advised Petitioner to plead to the charges. Id. As a result, Petitioner contends his decision to enter into the plea was not knowing and voluntary. Id. In his second claim

for relief, Petitioner asserts that his due process rights were violated because counsel "fail[ed] to file a motion to challenge or dismiss the indictment based on multiplicity counts." Id. at 6.  As his third ground for relief, Petitioner repeats the claims raised in his first issue but includes that counsel "misadvised Petitioner to enter into a plea agreement with a waiver of right to appeal… to cover up counsel's own ineffectiveness." Id. at 8. In his fourth ground for relief, Petitioner asserts that counsel failed to file objections to his Presentence Investigation Report, to argue for a lesser sentence, and to file a requested direct appeal. Id. at 10.

Further, Petitioner asserts that "[i]n light of intervening United States Supreme Court rulings in Lee v. U.S. 2017 BL 216471, U.S. No. 16-327 (6/23/2017) and Class v. U.S., No. 16-424" that the one-year statute of limitations does not bar his Motion.[3] Id. at 13. Additionally, in response to the Order and Hill v. Braxton Notice That Petition Was Untimely Filed, Petitioner asserts that "new law" in "Garza v. Idaho (No.17-2016) (S. Ct. Feb. 27, 2019)" justifies the untimeliness of his Motion to Vacate.[4] ECF No. 164 at 1-2.

### D. Recommendation

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket as untimely.

---

[3] Although Petitioner attempts to provide accurate citations to the listed cases, after a careful review, it appears that the correct citations for the abovementioned cases are as follows: Lee v. United States, 137 S. Ct. 1958 (2017) and Class v. United States, 138 S. Ct. 798 (2018).

[4] Again, Petitioner attempts to provide an accurate citation to the listed case. However, after a careful review, it appears that the correct citation for the abovementioned case is Garza v. Idaho, 139 S. Ct. 738 (2019).

### III.     ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[5]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[6]; or
4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Under subsection one, Petitioner is unable to demonstrate the timeliness of his Motion to Vacate. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of

---

[5] AEDPA applies to those cases filed after April 24, 1996, the effective date of AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[6] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because Petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See Fed. R. App. P. 4(b)(1)(A)(i). The District Court's judgment of conviction was entered June 19, 2014. ECF No. 132. Thus, Petitioner's conviction became final on July 3, 2014, and on that date his time for filing a direct appeal expired. Thereafter, Petitioner had until July 3, 2015, to file his Motion to Vacate under AEDPA. Because Petitioner did not file his § 2255 Motion until June 27, 2018, nearly three years after the expiration of his AEPDA rights, it is clearly time barred. Therefore, under subsection one, Petitioner's Motion is untimely.

With regard to subsection two, Petitioner makes no argument that he was prevented from filing his Motion based on governmental action. Therefore, subsection two is not applicable to this case, and Petitioner's Motion to is untimely.

Petitioner argues that subsection three is applicable due to the decisions in Lee v. United States, Class v. United States, and Garza v. Idaho, which he asserts are newly recognized rights by the Supreme Court that toll the statute of limitations.[7] ECF No. 161

---

[7] Petitioner does not assert that it is was made retroactive to cases on collateral review. However, that is a requirement of subsection three and will be discussed herein.

at 13; ECF No. 164 at 1-2. Subsection three of AEDPA requires that the one-year time limitation runs from the date a new right is recognized by the Supreme Court as long as (1) the newly recognized right was (2) made retroactive to cases on collateral review. 28 U.S.C. § 2255. Regardless of whether the Lee, Class, and Garza cases recognized new rights, none of those cases have been made retroactive on collateral review. Accordingly, the retroactivity prong of subsection three has not restarted or tolled the statute of limitations to permit Petitioner to seek relief pursuant to § 2255.

Subsection four is not applicable to this case because Petitioner does not allege that the claims presented were not earlier known. Therefore, Petitioner's Motion is untimely and relief pursuant to § 2255 is unavailable.

## IV.     RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:18-CV-101, ECF No. 1; Criminal Action No. 3:13-CR-50, ECF Nos. 152; 157] be **DENIED** and **DISMISSED with prejudice** as untimely filed. It is further **RECOMMENDED** that Petitioner's Motion [ECF No. 164] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 11-19-2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE