# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**TIMOTHY PAUL STEWART,**

    Petitioner,

v.                                          **CRIMINAL ACTION NO: 3:13-CR-50-1**
                                                **CIVIL ACTION NO.: 3:18-CV-101**
                                                **(GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R [ECF No. 167][1] on November 19, 2019. Therein, Magistrate Judge Trumble recommends that the Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [ECF Nos. 152, 157] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a petitioner's right to appeal this Court's Order. 28.U.S.C..§ 636(b)(1); Snyder v.

---

[1] All CM/ECF numbers cited refer to Petitioner's criminal case, 3:13-CR-50, unless otherwise stated.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The R&R was mailed to the Petitioner on November 11, 2019. ECF No. 167. The Petitioner accepted service on November 22, 2019. ECF No. 168. The Petitioner filed his objections on December 13, 2019. ECF No. 169. Accordingly, the Court will review the portions of the R&R to which the Petitioner objects *de novo*.

In his R&R, Magistrate Judge Trumble recommends that the Petitioner's motion be denied and dismissed with prejudice because the Petitioner failed to file his motion within the one-year statute of limitations. Specifically, Judge Trumble finds that the Petitioner is unable to demonstrate the timeliness of his motion, regardless of when the limitation period began to run. See 28 U.S.C. § 2255(f)(1)–(4).

Before dismissing a case as untimely, a district court must warn the prisoner that the case is subject to dismissal as time-barred and provide an opportunity to respond and demonstrate that equitable tolling is warranted. Day v. McDonough, 547 U.S. 198, 202 (2006); U.S. v. Sosa, 364 F.3d 507 (4th Cir. 2004); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). In his objections, the Petitioner argues that he has demonstrated timeliness under 28 U.S.C. § 2255(f)(4) because Garza v. Idaho, 139 S.Ct. 739 (2019), the case in which the Petitioner primarily relies on for his ineffective assistance of counsel claim, did not become available until recently. The Petitioner further argues that he has exercised due diligence in raising an argument under Garza in a timely manner.

2

28 U.S.C. § 2255(f)(4) provides that the statute of limitations period shall run from the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The Petitioner construes the ruling in Garza as a new "fact" supporting his ineffective assistance of counsel claim. In support, the Petitioner cites to Johnson v. U.S., 544 U.S. 295 (2005), in which the Supreme Court held that an order vacating the petitioner's predicate conviction qualified as a new fact for purposes of subsection f(4). Id. at 306–07. However, the Petitioner misunderstands the holding in Johnson. In Johnson, the petitioner contended that the court recognize an order of vacatur in his own case as a new fact. Here, the Petitioner attempts to recognize a legal rule established in another case as new fact in his own case. See U.S. v. Sawyer, 552 Fed.Appx. 230, 232 (4th Cir. 2014) (finding that a decision in another case "is not a fact for purposes of § 2255(f)(4) because it is not a legal decision that occurred in [plaintiff's] own case"). In alignment with other circuits, the Fourth Circuit holds that "[a] decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the factual predicate for that claim. Decisions that change the legal significance of certain facts without modifying them do not qualify under f(4)." Whiteside v. U.S., 775 F.3d 180, 184 (4th Cir. 2014) (quoting in part Shannon v. Newland, 410 F.3d 1083, 1088–99 (9th Cir. 2005)) (internal quotation marks omitted). If the ruling in Garza and other changes in law were cognizable under subsection f(4), then subsection f(3) would become superfluous. Id. Because the holding in Garza supports the Petitioner's ineffective assistance of counsel claim as opposed to altering the factual landscape of his case, the Petitioner's motion remains untimely.

3

Because the Petitioner's motion is untimely, the Court does not need to evaluate whether he exercised due diligence. Furthermore, the Court finds that the doctrine of equitable tolling does not apply in this case. In his objections, the Petitioner does not address his entitlement to this doctrine.

Accordingly, upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 167 in 3:13-CR-50; ECF No. 6 in 3:18-CV-101] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Petitioner's Motion to Vacate [ECF Nos. 152, 157 in 3:13-CR-50; ECF No. 1 in 3:18-CV-101] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that the Petitioner's Motion to Strike Untimely Petition and Allow Petitioner's Motion to Proceed on the New Supreme Court Ruling to Restore Appeal Rights Only Under 2255(f)(3) [ECF No. 164 in 3:13-CR-50] be **TERMINATED** as **MOOT**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 11, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE